THE STATE *ex rel.* J. B. CHARLETON *v.* ROBERT SLOAN, Adm'r.

An administrator is not responsible for the sufficiency of a bail bond taken by a sheriff in a case wherein he is plaintiff,—even although he expressly accepted such bond.

Where the bail taken was a non-resident, and after judgment against the principal, had been rendered, and writs of *ca. sa.* issued and returned *not to be found*, writs of *scire facias* were issued against the bail, and, after two *nihils*, judgment was rendered against the latter : *Held*, that the administrator was not bound to attempt to collect such judgment in another State.

Inasmuch as there was no personal service of the writs of *scire facias* in the action against the bail, the judgment therein could not have been *enforced* in another State.

(*Irby* v. *Wilson*, 1 D. & B. Eq. 568 ; *Governor* v. *Williams*, 3 Ire. 152, approved.)

DEBT upon an administration bond, commenced in 1858,

and tried upon exceptions to a report, before *Bailey, J.*, at Fall Term 1863 of MECKLENBURG Superior Court.

It appeared from the report that the defendant administered on the estate of Drury Clanton in 1834, and thereupon took into his possession two notes on Robert Hamilton, for about $984. Robert Hamilton had no permanent home, but resided sometimes in this State, and sometimes in the State of Georgia, and never owned any property which could be reached by execution.

In 1838 he came to this State in company with his brother William Hamilton, also a non-resident, who had a drove of horses for sale. The defendant sued out a writ on the notes, and Robert Hamilton was arrested ; and the sheriff, with the assent of the defendant in this case, accepted William Hamilton as bail. A judgment was obtained on the notes, and a *ca. sa.* was issued against Robert Hamilton, which could not be executed, as he had left the State. Writs of *scire facias* were issued against the bail, and after the return of two *nihils*, judgment was rendered on the bail bond. Successive executions were issued upon this judgment for a year, and were also returned unsatisfied.

The referees, upon these facts, reported that the defendant was chargeable with the debt due from Robert Hamilton.

The defendant excepted thereto, and after argument, the exception was sustained by his Honor.

The plaintiff appealed.

*Boyden & Bailey*, for the appellant.
*Wilson, contra.*

DICK, J. (After stating the case as above.) The plaintiff in this case insists that the defendant as administrator was guilty of negligence in two respects :

1. In accepting William Hamilton as bail ;

2. In not attempting to enforce the judgment against the bail at the place of his residence in another State.

Robert Hamilton was always insolvent, and the administrator was not bound to make any effort to collect the debt. He, however, brought suit, and diligently used all legal means to enforce payment. It was the duty of the sheriff to judge of the security to the bail bond, and the acceptance of the bond by the defendant did not make him accountable for its sufficiency. Robert Hamilton probably could not have given any other bail, and if the bond tendered had not been accepted he might have been imprisoned at the personal expense of the administrator, as there were no assets ; and even if there had been assets, the administrator would not have been justified in holding an insolvent debtor at the expense of the estate of the intestate.

The administrator could not have enforced the judgment against William Hamilton in another State, as it was obtained without any personal service of process. The Courts do not regard as *judgments* such proceedings abroad as are not based upon a personal service of process. Such proceedings, when founded upon process *in rem*, have their full effect in warranting a satisfaction of the claim involved out of the property attached : *Irby* v. *Wilson*, 1 D. & B. Eq. 568, Cooley, Const. Lim. 404.

It is further insisted that the defendant ought to have brought suit on said bail bond in the State where the bail resided. It does not appear in evidence that the defendant knew the place of residence of William Hamilton, and even if he had such knowledge, he had no assets with which he could pay the necessary expenses of a suit. The administration granted in this State gave him no authority to administer goods in another State, and he is not responsible for

failing to collect such assets: *Governor* v. *Williams*, 3 Ire. 152. In this State proceedings against bail are regulated by a statute similar to the statute of 4 Ann. In England it is well settled that an action on a bail bond must be brought in the same Court where the bail is given, as this is the only Court authorized by the statute to give in a summary manner " such relief to the plaintiff and the defendant, and also to the bail, as is agreeable to justice : *Walton* v. *Bent*, 3 Burr. 1923, 2 Cowp. 295.

A bail bond is a part of the proceedings in a suit, and the remedy given by *sci. fa.* must be sought in the court where the suit was instituted. It is doubtful whether in this State the plaintiff in a suit had any other remedy on a bail bond until an action was given by the Code of Civil Procedure, sec. 160. The defendant in this case certainly could not have carried the bail bond to another State, and brought suit upon it, as the Courts of such State could not have accepted a surrender of the principal by the bail, and given any other proper relief to the parties. We think his Honor was right in allowing the exception of the defendant to the report of the referees, and the judgment must be affirmed.

PER CURIAM.                                    Judgment affirmed.